UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Levander McClellan,                                         Case No.  5:18-cv-1003

                        Petitioner,

         v.                                                 MEMORANDUM OPINION
                                                                AND ORDER

Kenneth Black, Warden,[1]

                        Respondent.


I.      INTRODUCTION

Petitioner Levander McClellan has filed petition for a writ of habeas corpus under 28 U.S.C.

§ 2254, concerning his conviction in the Stark County, Ohio Court of Common Pleas on one count

of drug trafficking.  (Doc. No. 1).  Magistrate Judge Carmen E. Henderson reviewed the petition as

well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny McClellan's

petition in its entirety and decline to issue a certificate of appealability.  (Doc. No. 11).  McClellan

filed objections to Judge Henderson's Report and Recommendation.[2]  (Doc. No. 14).  For the

reasons stated below, I overrule McClellan's objections and adopt Judge Henderson's Report and

Recommendation.

---

[1]  McClellan currently is incarcerated at the Richland Correctional Institution in Mansfield, Ohio, where Kenneth Black is the Warden.  Black is substituted as the Respondent in this case.  *See* Fed. R. Civ. P. 25(d).

[2]  McClellan's objections initially were due on May 11, 2021.  He sought, and I granted, an extension of time until June 19, 2021, to submit his objections.  (*See* Doc. No. 13).  Notwithstanding this extension, McClellan did not file his objections until July 1, 2021.  Respondent has not objected to McClellan's late filing, and I deem that issue to be waived.

## II.     BACKGROUND

On April 5, 2016, a Stark County, Ohio grand jury indicted McClellan on one count of

trafficking in cocaine, in violation of Ohio Revised Code § 2925.03(A)(1)(C)(4)(f).  (Doc. No. 7-1 at

5).  He was found guilty on June 29, 2016, following a jury trial and was sentenced to a term of nine

years in prison and five years of mandatory post-release control.  (*Id.* at 7-10).

McClellan did not offer a formal objection to Judge Henderson's description of the factual

and procedural background of his state court proceedings.  But his objections are replete with

lengthy quotations and citations of trial testimony.  Further, he argues Respondent, the state

appellate court, and Judge Henderson are "going off . . . the presume[ed] correct[ness] of what the

prosecution is saying[,] not off the record."  (Doc. No. 14 at 18).

Judge Henderson's statement of the factual background of this case is drawn entirely from

the facts found by the Ohio Court of Appeals for the Fifth Appellate District on McClellan's appeal

of his conviction.  (Doc. No. 11 at 2-5).  This is what the law requires.  "In a proceeding instituted

by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a

State court, a determination of a factual issue made by a State court shall be presumed to be

correct."  28 U.S.C. § 2254(e)(1).  McClellan must demonstrate, by clear and convincing evidence,

that the state court's factual findings were incorrect.  *Id.  See also Burt v. Titlow*, 571 U.S. 12, 18 (2013)

("The prisoner bears the burden of rebutting the state court's factual findings 'by clear and

convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)).  He has not done so.  Therefore, I adopt

those sections of the Report and Recommendation in full.  (Doc. No. 11 at 2-9).

## III.     STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may

"serve and file written objections" to the magistrate judge's proposed findings and

recommendations, within 14 days of being served with a copy.  28 U.S.C. § 636(b)(1)(C); Fed. R.

Civ. P. 72(b)(2).  Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

McClellan presents the following grounds for relief:

**Ground One**:  Failed to object or excuse Juror No. 37 who was [prejudiced] against drugs.

**Ground Two**:  Failed to object to and ask for a race neutral reason for excusing Afro-American female from the jury.

**Ground Three:**  Ineffective assistance [of trial counsel, who] failed to properly examin[e] the Prosecutor's file and fail[ed] to present evidence to the Jury.

**Ground Four:**  Ineffective assistance of counsel. He did not investigate to determine a possible defense. He did not talk to my witnesses.

**Ground Five:**  Trial court err[ed] when it allowed Prosecutor to use peremptory challenges in a racially discriminatory manner[.]

3

**Ground Six:**  Trial court erred [by] not excusing Juror No. 37 for cause.  Ineffective assistance of counsel for not using peremptory challenge to excuse [her].

**Ground Seven:**  Judge and Prosecutor [engaged in] misconduct[, which deprived] defendant of a fair trial.

**Ground Eight:**  Ineffective assistance of trial counsel.

**Ground Nine:**  Convictions were against the manifest weight and sufficiency of the evidence [a]nd *State v. Gonzales*[,] 2016-Ohio-831[9].

 (Doc. No. 1 at 5-17).

### A.      GROUNDS ONE AND SIX

In Grounds One and Six, McClellan asserts his rights were violated when his trial attorney failed to challenge Juror #37 for cause and also failed to use a peremptory challenge as to Juror #37. McClellan further contends in Ground Six that his rights were violated when the trial judge failed to *sua sponte* strike Juror #37 for cause.  He argues his trial attorney's failure constitutes the ineffective assistance of counsel, and his appellate attorney's failure to raise this claim on appeal constitutes the ineffective assistance of appellate counsel.  Judge Henderson recommends I conclude Ground One is procedurally defaulted because McClellan did not raise it on direct appeal, and that Ground Six lacks merit.  (Doc. No. 11 at 15-19, 29-32).

The procedural default rule bars a federal habeas petitioner's claims if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) if the petitioner failed to fully pursue a claim through the state's "'ordinary appellate review procedures'" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) and quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).  The procedural default rule prohibits a habeas court from considering a

4

federal claim if the last reasoned state court decision in the case "clearly and expressly states that [the decision] rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (citations and internal quotation marks omitted).

If a claim has been procedurally defaulted, federal habeas review of the claim is barred unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "A petitioner can show cause if he can 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," such as "interference by officials, attorney error rising to the level of ineffective assistance of counsel, and a showing that the factual or legal basis for a claim was not reasonably available." *Rayner v. Mills*, 685 F.3d 631, 644 (6th Cir. 2012) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986) and *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004)) (further citation and internal quotation marks omitted).

Judge Henderson recommends I conclude McClellan's claim in Ground One is barred by the procedural default doctrine because McClellan did not raise it during his direct appeal and the Court of Appeals of Ohio for the Fifth District concluded McClellan could not raise the claim in his motion for postconviction relief because it was barred by the doctrine of res judicata. *See State v. McClellan*, 2018-Ohio-398, 2018 WL 656414, at *2 (Ohio Ct. App. Jan. 31, 2018) (holding McClellan's "jury selection arguments are barred under the doctrine of res judicata. This information was available to [McClellan] at the time of his direct appeal.").

Ohio courts apply the doctrine of res judicata to prohibit convicted defendants "from raising and litigating in any proceeding, except an appeal from that judgment, any defense . . . that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967).

Therefore, McClellan's jury selection claim is procedurally defaulted unless he can establish cause and prejudice to excuse his failure to raise the claim at the proper time.

McClellan argues in his traverse that Ground One is not procedurally defaulted because his appellate attorney erred in failing to pursue his Juror #37 claim on appeal. (Doc. No. 10 at 10) (asserting "I mentioned something like that in my 26[(B) application] that my appe[llate] attorney was ineffective for not bringing up this issue"). There are two problems with this argument.

First, "[a] habeas petitioner cannot effectively amend his petition adding a claim at the traverse or reply stage." *Smith v. Warden, Chillicothe Corr. Inst.*, No. 1:17-CV-570, 2018 WL 3417117, at *8 (S.D. Ohio July 13, 2018), *report and recommendation adopted,* 2020 WL 106727 (S.D. Ohio Jan. 9, 2020). *See also Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (holding that, where petitioner's "argument was first presented in [petitioner's] traverse rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it"). Neither Ground One nor Ground Six[3] of McClellan's habeas petition make any reference to appellate counsel. (*See* Doc. No. 1 at 5-6, 13-14). McClellan cannot amend his petition through a vague allusion in his traverse.

Second, even if I were to construe McClellan's traverse as a motion to amend his petition, McClellan fails to establish that his appellate attorney's performance was ineffective. A habeas petitioner must show "his counsel's performance was deficient and that it prejudiced him" in order to prevail on an ineffective assistance of counsel claim. *Nichols v. Heidle*, 725 F.3d 516, 539 (6th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel's representation fell below an objective standard of reasonableness,'" while prejudice "means 'there is a reasonable probability that, but for counsel's unprofessional errors [i.e., deficient

---

[3] McClellan relies upon Ground Six as cause to excuse his procedural default of Ground One. (*See* Doc. No. 11 at 18).

performance], the result of the proceeding would have been different.'" *Nichols*, 725 F.3d at 539

(quoting *Strickland*, 466 U.S. at 688, 694) (alteration added by *Nichols*).

When asserting an ineffective assistance claim in a habeas petition, the petitioner must show

"the state court's rejection of that claim was 'contrary to, or involved an unreasonable application of'

*Strickland*, or rested 'on an unreasonable determination of the facts in light of the evidence presented

in the State court proceeding.'" *Nichols*, 725 F.3d at 540 (quoting 28 U.S.C. § 2254(d)).  Thus, the

AEDPA mandates that a habeas court's review of the state court's ineffective-assistance analysis is

"doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (citations omitted).

> Under Ohio law, a juror may be challenged for cause if the juror
>
> is possessed of a state of mind evincing enmity or bias toward the defendant or the
> state; but no person summoned as a juror shall be disqualified by reason of a
> previously formed or expressed opinion with reference to the guilt or innocence of
> the accused, if the court is satisfied, from examination of the juror or from other
> evidence, that he will render an impartial verdict according to the law and the
> evidence submitted to the jury at the trial.

Ohio Rev. Code § 2945.25(B).  Further, as to the use of peremptory challenges, "decisions on the

exercise of peremptory challenges are a part of trial strategy" by counsel.  *State v. Goodwin*, 703

N.E.2d 1251, 1261 (Ohio 1999).

The Fifth District Court of Appeals analyzed McClellan's Juror #37 ineffective-assistance-

of-appellate-counsel claim under *Strickland* and concluded McClellan had not established his

attorney's performance was deficient or that the failure to use a peremptory challenge on Juror #37

caused McClellan prejudice.  (Doc. No. 7-1 at 155, 159).  The Fifth District correctly stated the

principle that "decisions on the exercise of peremptory challenges are a part of trial strategy," and

held McClellan's trial attorney, "who observe[d] the jurors firsthand, [was] in a much better position

to determine whether a prospective juror should be peremptorily challenged."  (*Id.* at 159) (citing

*Goodwin*, 703 N.E.2d at 1261).  As the appellate court noted, "[w]hile Juror #37 indicated [he] was

'against drugs,' [he] also stated [he] would be able to put this aside and be fair and impartial in a trial dealing with drugs."[4] (Doc. No. 7-1 at 159).

While McClellan disagrees with trial counsel's strategy, he offers only his speculation that he was prejudiced by Juror #37's presence on the jury. "Where the juror indicated that she could be fair and impartial, counsel accepted this representation, and the record does not support a conclusion that counsel's failure to exercise a peremptory challenge prejudiced the defendant, trial counsel was not ineffective." *State v. Wilson*, 2019-Ohio-4056, 2019 WL 4887198, at *6 (Ohio Ct. App. Oct. 3, 2019) (citing *Goodwin*, 703 N.E.2d at 1261). McClellan fails to show "the state court's rejection of [his] claim was contrary to, or involved an unreasonable application of *Strickland*, or rested on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nichols*, 725 F.3d at 540 (citation and internal quotation marks omitted).

While the Fifth District did not address McClellan's claim that the trial court erred by not excusing Juror #37 for cause, that claim fails for the same reasons. Even if Juror #37's statement that he was "against drugs" can be considered a statement "evincing enmity or bias toward the defendant," Ohio law expressly contemplates that a trial court need not strike a juror making such a statement "if the court is satisfied, from examination of the juror . . . that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial." Ohio Rev. Code § 2945.25(B). After Juror #37 stated his brother-in-law had overdosed on cocaine and his niece was in treatment for a heroin addiction, the prosecutor asked Juror #37 if he would be able to put those things aside and be fair and impartial in a trial. (Doc. No. 7-2 at 74-75). Juror #37 stated he would

---

[4] McClellan refers to Juror #37 as "her" in his Rule 26(B) application for reopening, (Doc. No. 7-1 at 104), and the Fifth District Court of Appeals appears to have adopted this pronoun. But during jury selection, defense counsel addressed Juror #37 as "sir." (Doc. No. 7-2 at 103). Because defense counsel's comment was based upon his contemporaneous observation of Juror #37, I conclude defense counsel's pronoun likely is accurate and refer to Juror #37 as "he."

be able to do this,[5] (*id.* at 75), and McClellan does not identify any evidence in the record to show that this statement was not credible.  *See Irvin v. Dowd*, 366 U.S. 717, 723 (1961) ("It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.") (citations omitted).

Further, while defense counsel did not specifically address Juror #37's statement about being against drugs, counsel did inquire specifically about Juror #37's thoughts on adherence to police procedures:

> MR. KOUKOUTAS:  Does anybody here believe that because they're police officers that, you what, sometimes you don't have to follow all the procedures?  You can just cut corners?  Juror Number 37?  What do you think, sir?
>
> JUROR NO. 37:  Ah, I believe that they, they have to follow the procedures and, ah, I feel like, you know, they're not above the law either.

(Doc. No. 7-2 at 103-04).

This question went to the heart of the defense at trial – law enforcement's alleged repeated failures to follow the policies governing the use of confidential informants created reasonable doubt as to whether the confidential informant in fact purchased drugs from McClellan or, as the defense suggested, whether the informant obtained drugs from another source and pinned the transaction on McClellan in order to obtain a substantially-reduced sentence.  (*See, e.g.,* Doc. No. 7-1 at 22-23; Doc. No. 7-2 at 137-139).

Trial counsel is "accorded particular deference when conducting *voir dire*[, and] . . . [a] strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness."  *Hughes v. United*

---

[5]  Juror #30, who was involved in the *Batson* challenge raised in Grounds Two and Five, reported his brother was convicted and sentenced to prison for selling crack cocaine.  (Doc. No. 7-2 at 75). In response to the prosecutor's follow-up question, Juror #30 stated he was "kind of undecided about" whether that experience would affect his ability to be fair and impartial.  (*Id.*).

*States*, 258 F.3d 453, 457 (6th Cir. 2001) (citing *Nguyen v. Reynolds*, 131 F.3d 1340, 1349 (10th Cir. 1997)) (further citation omitted).  McClellan's disagreement with trial counsel's strategy is not sufficient to satisfy this standard.  Therefore, I conclude Ground Six lacks merit and, thus, it cannot provide a basis to excuse McClellan's procedural default as to Ground One.  I overrule McClellan's objections.

### B.    GROUNDS TWO AND FIVE

In Grounds Two and Five, McClellan argues his rights were violated when Black jurors were removed from the venire, allegedly in a racially discriminatory manner, as prohibited by *Batson v. Kentucky*, 476 U.S. 79 (1986).  Judge Henderson recommends I conclude Ground Two is barred by the procedural default doctrine and Ground Five lacks merit.

The Equal Protection Clause of the Fourteenth Amendment prohibits a prosecutor from exercising peremptory challenges based solely on the race of the challenged juror.  *Batson v. Kentucky*, 476 U.S. 79, 89 (1986).  There are three steps to the *Batson* inquiry.  The defendant first must make a prima facie showing that the prosecutor has used peremptory challenges in a discriminatory manner "by showing each of the following elements:

> [1] that [the defendant] is a member of a cognizable racial group . . .
>
> [2] that the prosecutor has exercised peremptory challenges to remove from the [jury pool] members of the defendant's race . . . [and]
>
> [3] that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the [potential jurors] from the petit jury on the account of their race."

*United States v. Mahbub*, 818 F.3d 213, 224 (6th Cir. 2016) (quoting *Batson*, 476 U.S. at 96) (alterations in *Mahbub*).  If the defendant makes out a prima facie case, the prosecutor must offer a race-neutral explanation for challenging the juror.  *Mahbub*, 818 F.3d at 225.  Finally, "the trial court must assess the plausibility of the prosecution's proffered explanation 'in light of all evidence with a bearing on it.'"  *Id.* (quoting *Miller-El v. Dretke*, 545 U.S. 231, 252 (2005)).

10

McClellan's claims center on Jurors #28 and #30.  (*See* Doc. No. 7-1 at 102-03).  Juror #28 was challenged first, and defense counsel did not object.  (Doc. No. 7-2 at 110-11).  McClellan's trial attorney asserted a *Batson* objection to the prosecutor's second peremptory challenge, which she used on Juror #30, an African American male.  McClellan claims Juror #28 was an African American woman, and that his trial attorney raised the *Batson* objection to Juror #30 because "he noticed a pattern."  (Doc. No. 14 at 14).  But there is no indication in the trial court record that Juror #28 was African American, or that defense counsel ever made any reference to a pattern. Instead, defense counsel objected to the challenge to Juror #30 because "there is only one other African American in the venire[ and the] probability of getting to her is . . . slim to I don't know. And the rest of the jury panel is all . . . Caucasians."  (Doc. No. 7-2 at 113).  Juror #28 could not have been the "only . . . other African American in the venire," because Juror #28 had already been removed from the venire.

The prosecutor stated that she challenged Juror #30 because that "juror's brother was convicted [of] trafficking in cocaine," and she had "[m]ajor . . . concerns" Juror #30's ability to be fair and impartial in evaluating the same type of charge against McClellan.  (*Id.* at 113).  The trial judge accepted this explanation and overruled defense counsel's objection.  (*Id.*).

McClellan did not raise a *Batson* claim during his direct appeal, either as a stand-alone assertion of error or as part of an ineffective assistance claim.  Like McClellan's claim regarding Juror #37, the Fifth District Court of Appeals held McClellan could not bring his *Batson* claim in his petition for postconviction relief because it was barred by the doctrine of res judicata.  *State v. McClellan*, 2018 WL 656414, at *2.  Therefore, McClellan must establish cause and prejudice to excuse his procedural default of his *Batson* claim.

McClellan argues he did not raise either part of his *Batson* claim on appeal because his appellate attorney was ineffective.  (Doc. No. 14 at 13-14).  While ineffective assistance can be

sufficient to establish cause in the procedural default analysis, *Rayner*, 685 F.3d at 644, McClellan fails to show his appellate attorney was ineffective.

McClellan argued in his Rule 26(B) motion to reopen his appeal that his appellate attorney was ineffective because he failed to include a *Batson* claim on appeal.  The Fifth District Court of Appeals rejected McClellan's argument and concluded that, even if the court assumed McClellan had made a prima facie showing, the prosecutor provided a race-neutral reason for striking Juror #30, and there was "no clear error in the trial court's determination that there was not purposeful discrimination." (Doc. No. 7-1 at 158).  The Fifth District held appellate counsel's performance was not deficient and there was "no reasonable probability" the claim would have succeeded.  (*Id.*).  McClellan's disagreement with this holding is not enough to support the necessary conclusion that the appellate court's decision was contrary to, or an unreasonable application of, *Strickland. Nichols*, 725 F.3d at 540.

The Fifth District Court of Appeals did not discuss Juror #28, although McClellan fairly presented his argument in his brief in support of his Rule 26(b) motion.  (*See id.* at 102-03, 156-58).  But this claim fares no better.  As I noted above, there is no evidence in the trial record that Juror #28 is a member of the same race as McClellan and, therefore, he has not identified sufficient facts to support a prima facie *Batson* claim.  *See Mahbub*, 818 F.3d at 224.

McClellan claims he determined Juror #28 was African American when he "really looked through the transcripts and figured it out." (Doc. No. 14 at 14).  But the transcript pages McClellan cites contain no indication whatsoever that Juror #28 was African American.  Therefore, I overrule his objection and conclude McClellan fails to show his appellate attorney was constitutionally ineffective in failing to raise a *Batson* claim or an ineffective assistance of trial counsel claim on appeal.

12

I dismiss Ground Two because it is procedurally defaulted and Ground Five because it lacks merit.

### C. GROUND NINE

In Ground Nine, McClellan asserts his conviction was against the sufficiency and the manifest weight of the evidence.[6] Judge Henderson recommends I conclude that McClellan's sufficiency claim is meritless, and his manifest-weight claim is not cognizable in habeas proceedings. (Doc. No. 11 at 37-39).

"A manifest-weight-of-the-evidence claim in Ohio is a state law claim that is similar to but ultimately different from a federal constitutional claim that the evidence was insufficient to support a conviction." *Schwarzman v. Gray*, No. 17-3859, 2018 WL 994352, at *3 (6th Cir. Jan. 30, 2018) (citing *State v. Thompkins*, 678 N.E.2d 541, 546 (Ohio 1997)). Federal habeas relief is not available for state law errors. *See, e.g., Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). While McClellan continues to argue he is entitled to relief on his manifest-weight claim, (Doc. No. 14 at 30-31), he fails to show this claim is cognizable. Therefore, I overrule his objection and dismiss McClellan's manifest-weight claim.

In a sufficiency-of-the-evidence claim, a defendant asserts his conviction violated his due-process rights because the evidence did not "reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). "[E]vidence is sufficient to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable

---

[6] In his ground for relief, McClellan also asserts his conviction was in violation of the Supreme Court of Ohio's decision in *State v. Gonzales*, 81 N.E.3d 405 (Ohio 2016). The Supreme Court of Ohio subsequently vacated that decision in 81 N.E.3d 419 (Ohio 2017). McClellan did not offer argument in support of this part of Ground Nine in his traverse or his objections, and I conclude he has abandoned this portion of his claim.

13

doubt.'" *Coleman v. Johnson*, 566 U.S. 650, 654 (2012) (quoting *Jackson*, 443 U.S. at 319) (emphasis in *Jackson*). This "deferential" standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman*, 566 U.S. at 655 (quoting *Jackson*, 443 U.S. at 319).

McClellan raised his sufficiency argument in his direct appeal. The Fifth District Court of Appeals considered this claim and the evidence presented during McClellan's trial and held:

> Thomas testified he went into appellant's home and gave appellant $1,450 for an ounce of cocaine. Thomas then left appellant's house and met agents at the debriefing location. Thomas was under constant surveillance to and from appellant's home. At the debriefing location, Thomas gave agents the cocaine he purchased from appellant and the recording equipment. Thomas identified the video recording as containing the conversation he had with appellant that day. Thomas identified appellant in the courtroom as the person who sold him the ounce of cocaine. Spencer testified Exhibit 2 contained 27.96 grams of a cocaine mixture.
>
> Viewing the evidence in the case at bar in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant knowingly sold cocaine in an amount equal or exceeding twenty-seven grams. We find, therefore, that the State met its burden of production regarding each element of the crime of trafficking in cocaine and thus, there was sufficient evidence to support appellant's conviction.

*State v. McClellan*, 2017-Ohio-4402, 2017 WL 2644856, at *5 (Ohio Ct. App. June 19, 2017).

McClellan's objections do not identify any errors in Judge Henderson's analysis of Ground Nine. Rather, he simply repeats, verbatim, the arguments he raised in his traverse.[7] (*Cf* Doc. No. 10 at 38-44 *with* Doc. No. 14 at 24-30). "[A] litigant must identify each issue in the [Report and Recommendation] to which he or she objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived." *Deters v. Hammer*, 568 F. Supp. 3d 883, 887 (S.D. Ohio 2021) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

---

[7]  Pages 41 and 42 of McClellan's traverse are included in reverse order on pages 27 and 28 of McClellan's objections. The content of those pages is the same.

Even if I accept McClellan's submission as sufficient to meet his burden of making specific objections, I conclude his claim falls short.  McClellan's contention that the investigation should have been conducted different, or that the jury should have viewed the evidence in his favor, (*see* Doc. No. 14 at 29), is not sufficient.  The relevant inquiry is whether the evidence presented at trial, when taken in the light most favorable to the prosecution, reasonably supports a finding of guilty. *Jackson*, 443 U.S. at 318.

Moreover, McClellan must show more than that "reasonable minds reviewing the record might disagree with the state court's factual determination . . . ." *Carter v. Bogan*, 900 F.3d 754, 768 (6th Cir. 2018).  Section 2254(d)(2) "imposes a highly deferential standard" which requires that "the record must '*compel* the conclusion that the [state] court had no permissible alternative' but to arrive at the contrary conclusion." *Carter*, 900 F.3d at 768 (quoting *Rice v. Collins*, 546 U.S. 333, 341-42 (2006)) (emphasis and alteration in *Rice*).  McClellan has not met this standard and, therefore, I overrule his objections and dismiss Ground Nine as without merit.

### D.     GROUNDS THREE, FOUR, SEVEN, AND EIGHT

Judge Henderson recommends I conclude McClellan's claims found in Grounds Three, Four, Seven, and Eight are meritless.  (Doc. No. 11 at 22-26, 33-36).

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *Walters,* 638 F.2d at 949.  The failure to file written objections to the Magistrate Judge's Report and Recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn,* 728 F.2d 813, 815 (6th Cir. 1984); *see also Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be

preserved for appellate review"); *Thomas*, 474 U.S. at 152 (Congress "did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.").

McClellan did not file objections to Judge Henderson's recommendations as to Grounds Three, Four, Seven, and Eight.  Therefore, I conclude he has waived review of these issues, and I adopt Judge Henderson's recommendations as to those grounds for relief.  I dismiss Grounds Three, Four, Seven, and Eight as meritless.

### E.    CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner need not demonstrate he should prevail on the merits.  Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  McClellan's petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

16

## V.     CONCLUSION

For the reasons stated above, I overrule McClellan's objections, (Doc. No. 14), to Judge

Henderson's Report and Recommendation, (Doc. No. 11), and adopt the Report and

Recommendation in full.  I conclude Grounds One and Two are barred by the procedural default

rule and Grounds Three, Four, Five, Six, Seven, Eight, and Nine are meritless.

I also conclude McClellan fails to make "a substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.


                                        s/ Jeffrey J. Helmick
                                        United States District Judge